*In re* ROBERTO ALONSO SANTIAGO, querellado.

*Número:* CP-2003-10 *Resuelto:* 13 de septiembre de 2005

*Roberto J. Sánchez Ramos*, procurador general; *Felipe Sa-nabria Quiñones*, abogado del querellado; *Roberto Alonso Santiago*, abogado del querellado; *Magali Hosta Modesti* y *José Alberto Morales*, comisionados especiales.

PER CURIAM: Rosemary Fabucci Fernández presentó una queja ante este Tribunal contra el Lcdo. Roberto Alonso Santiago, en la cual alegó que acudió a él para tramitar la eliminación de un antecedente penal menos grave y que la negligencia y el desinterés que desplegó el licenciado Alonso en la tramitación de su caso fueron la causa de que ella perdiera su empleo. Alegó, además, que el licenciado Alonso no la mantuvo informada de los trámites importantes acaecidos relacionados con su caso.

Referimos la queja al Procurador General para que realizara una investigación y nos sometiera el correspondiente informe. Así lo hizo. En el informe el Procurador General indicó que, luego de haber evaluado las comparecencias de las partes y los documentos pertinentes, entendía que no existía suficiente evidencia que justificara el inicio de un procedimiento disciplinario en contra del querellado. Al no estar de acuerdo con la posición asumida por el Procurador General, mediante Resolución a tales efectos, instruimos a éste para que presentara una querella contra el mencionado abogado.[1]

En la querella presentada se formulan dos cargos contra el licenciado Alonso. En el primer cargo se le imputa haber violado el Canon 18 del Código Ética Profesional, 4 L.P.R.A. Ap. IX, al no defender los intereses de su cliente de forma diligente. En el segundo, se le imputa haber violado el Canon 19 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, por no haber mantenido a su cliente informado de asuntos importantes que surgieron en el desarro-

---

[1] Comenzado el procedimiento disciplinario, es al Tribunal al que le corresponde determinar si ordena que se retiren los cargos, que se archive la querella o que se impongan sanciones disciplinarias. De estimar el Procurador General, por alguna razón o causa, que se deben retirar los cargos o de alguna forma variar o modificar la orden del Tribunal, deberá solicitar permiso mediante una moción bien fundamentada. Véase *In re Ciordia*, 118 D.P.R. 659 (1987).

llo del caso que le había sido encomendado. En su contestación a la querella, el licenciado Alonso Santiago alega, en síntesis, que durante todo el tiempo que actuó como representante legal de Fabucci Fernández, desplegó la diligencia que requería el trámite del caso y que en todo momento la mantuvo informada de todos los trámites importantes relacionados con éste.

Designamos al Lcdo. José Alberto Morales Rodríguez como comisionado especial en este caso. Luego de celebrada la correspondiente vista, el Comisionado Especial emitió su informe con su relación del caso y determinaciones de hecho. Habiendo quedado sometido el caso ante nuestra consideración, y contando con el informe del Comisionado Especial, los alegatos del Procurador General y del abogado querellado, procedemos a resolver.

I

Se deduce de las determinaciones de hecho a las que llegó el Comisionado Especial, luego de analizar tanto la prueba testifical como documental presentada ante sí, que la relación profesional de la querellante Rosemary Fabucci con el licenciado Alonso Santiago comenzó *el 23 de marzo de 1999* cuando éste la representó en un caso criminal presentado en su contra por apropiación ilegal menos grave.[2] Durante el trámite de este caso, Fabucci Fernández le comentó al abogado de la existencia de una convicción previa, también por delito menos grave,[3] y de su deseo de realizar los trámites correspondientes para que dicha convicción fuese eliminada de su expediente de antecedentes penales.

---

[2] Surge de las determinaciones de hecho que, en cuanto a este caso, el licenciado Alonso realizó sus labores profesionales de forma eficiente. El resultado del caso fue una determinación de "no causa" por el juez de instancia y la querellante quedó muy satisfecha.

[3] La convicción fue por el delito de apropiación ilegal. Art. 165 del Código Penal, 33 L.P.R.A. sec. 4271.

Este mismo día, *esto es, el 23 de marzo de 1999,* el licenciado Alonso Santiago realizó gestiones sobre este último asunto y descubrió que se trataba de una convicción por delito menos grave impuesta *el 23 de octubre de 1997.* El abogado procedió a informarle a Fabucci Fernández que, en conformidad con la entonces vigente Ley Núm. 108 de 21 de junio de 1968 (34 L.P.R.A. sec. 1731), ésta tenía que esperar cinco años, contados desde la fecha de su convicción por el delito menos grave, para que pudiese ser eliminado el delito de su expediente. Es de notar que la antes citada Ley Núm. 108 fue *enmendada* por la Ley Núm. 367 de *2 de septiembre de 2000* para, entre otras cosas, reducir la espera para la eliminación de un récord por delitos menos graves a tres años.

Fabucci Fernández y el licenciado Alonso Santiago no volvieron a tener comunicación hasta marzo del 2001. En esa ocasión, Fabucci Fernández solicitó los servicios del abogado para que la representara en un caso de un accidente en el cual se había visto involucrada. En esa ocasión, el licenciado Alonso Santiago *no* informó a Fabucci Fernández sobre la enmienda a la Ley Núm. 108, ante.

El *6 de septiembre de 2001,* Fabucci Fernández llamó por teléfono a la oficina del licenciado Alonso Santiago. Al no poder comunicarse con él, le informó a su secretaria que había obtenido un empleo y que la directora de recursos humanos de la compañía le informó que le harían una investigación.[4]

El 11 de septiembre de 2001, Fabucci Fernández llamó nuevamente a la oficina del licenciado Alonso Santiago. En esta ocasión, la secretaria le informó haberle dado el mensaje al licenciado sobre la urgencia que ameritaba el solicitar la eliminación de los antecedentes penales que constaban en su expediente.

---

[4] Aun cuando el licenciado Alonso Santiago alega que su secretaria instruyó a la querellante en cuanto a la necesidad de proveer ciertos datos y testigos de reputación para preparar un petición jurada ante el Tribunal de Primera Instancia, este hecho *no* quedó establecido, ya que la secretaria del licenciado no estuvo presente en la vista para testificar y, por su parte, la querellante alega no haber recibido dicha información, por lo cual no presentó los documentos solicitados.

Dos meses después, el 24 de octubre de 2001, Fabucci Fernández fue *despedida* de su empleo *por causa del delito menos grave que aparecía en su expediente de antecedentes penales.* Esa misma tarde llamó al licenciado Alonso Santiago, y esta vez pudo comunicarse con él directamente. La señora Fabucci le explicó lo sucedido y el licenciado le pidió que fuese al otro día a su oficina a suplir datos, y los nombres y las direcciones de los testigos de reputación. Ésta fue y suplió lo solicitado el 26 de octubre de 2002, más cien dólares para los gastos del trámite.(5)

El abogado presentó la petición ante el Tribunal de Primera Instancia, Sala Superior de Bayamón, *el 30 de octubre de 2001.* Ocho días después, el 7 de noviembre de 2001, el referido foro la declaró "sin lugar". Por tal razón, el 12 de diciembre de 2001, el abogado solicitó la reconsideración, que asimismo fue declarada "sin lugar" el 4 de febrero de 2002.(6)

Ante la tardanza en el trámite de eliminación de antecedentes penales, el *22 de enero de 2002* Fabucci Fernández acudió al tribunal de instancia a revisar su expediente. Mientras realizaba este trámite, miembros del personal del tribunal la dirigieron a la biblioteca, donde pudo examinar la Ley Núm. 367, ante. Allí, por primera vez, se *enteró* de que la ley fue enmendada para acortar el término durante el cual puede solicitarse la eliminación de delitos menos graves, de cinco a tres años. También *descubrió* que, según la nueva ley, ella podía obtener, mediante un trámite *pro se* ante la Superintendencia de la Policía, la eliminación de su expediente criminal.(7) Procedió entonces Fabucci Fernández a dirigirse a la Comandancia, llenó un

---

(5) Para realizar este trámite, el licenciado Alonso no solicitó el pago de honorarios.

(6) Aun cuando Fabucci Fernández alega que el licenciado Alonso no le informó que su solicitud había sido declarada "no ha lugar" ni de la presentación de una moción de reconsideración, también denegada, el Comisionado Especial no pudo hacer una determinación sobre este hecho ya que, alegadamente, no existía evidencia suficiente para sostener tal alegación. De modo tal que no está claro si el abogado informó este hecho a su cliente ni cuándo pudo haberlo hecho.

(7) La Ley Núm. 367 dispone, en lo pertinente, que:

formulario y lo juró ante un notario. *Doce días después, el delito menos grave que aparecía en su récord de antecedentes penales fue eliminado.*

En la vista en su fondo celebrada ante el Comisionado Especial, el licenciado Alonso testificó que su práctica era una "intensa de casos criminales", incluyendo considerables participaciones *pro bono*, y que no era su costumbre dirigir a sus clientes a obtener *pro se* lo que él podía tramitarles sin costo. Testificó, además, que la razón por la cual no informó a la querellante Fabucci Fernández de la enmienda a la Ley Núm. 108, ante, fue porque ésta no era su práctica, ya que le resultaba demasiado oneroso llamar a cada uno de sus clientes para informarle de cualquier cambio en ley que pudiese afectar su caso.

## II

En cuanto a los cargos que el Procurador General le imputó al licenciado Alonso por violación al citado Canon 18, por no defender los intereses de su cliente, y al Canon 19, ante, por no mantener al cliente debidamente informado, el Comisionado Especial determinó que, en la primera fase de la relación profesional entre el licenciado Alonso Santiago y la señora Fabucci Fernández,[8] cuando ésta informó inicialmente su interés en cuanto a la eliminación del delito menos grave de su expediente, éste sí la asesoró diligentemente y le informó en cuanto a su situación al amparo de la entonces vigente Ley Núm. 108, ante. *Sin embargo*, en lo que concierne a la *segunda fase* de la

---

"En los casos de convicciones por delitos menos graves, cuando el término transcurrido sea de tres (3) años o más, *dichas convicciones podrán ser eliminadas por el Superintendente de la Policía a solicitud de la parte interesada* mediante declaración jurada acompañada de un comprobante de Rentas Internas por la suma de veinte dólares. *Si la petición le fuere denegada por el Superintendente, el interesado podrá comparecer ante el Tribunal de Primera Instancia de Puerto Rico correspondiente mediante una petición original.*" (Énfasis suplido.) 2000 (Parte 2) Leyes de Puerto Rico 2038, 2041.

[8] Entre el 23 de marzo de 1999 y el 6 de septiembre de 2001.

relación profesional entre ambos,([9]) *el licenciado Alonso debió tomar conocimiento de la enmienda a dicha ley y del nuevo procedimiento para solicitar la eliminación de antecedentes penales ante la Superintendencia de la Policía.* Determinó, además, el Comisionado Especial que era la responsabilidad del abogado *informarle a sus clientes* de la existencia de esa ley. Señala, por último, que el abogado *inició un trámite judicial, teniendo disponible un trámite administrativo más rápido y sencillo según la nueva ley.* Dicha actuación, según el criterio del Comisionado Especial, hizo que su clienta tuviera que esperar meses por un trámite que pudo haberse realizado en menos tiempo. Concluyó que era el deber del licenciado Alonso Santiago "educar" a su cliente para que ésta conociera sus derechos y las maneras de hacerlos valer.

En fin, el Comisionado Especial determinó que el querellado, en efecto, incurrió en conducta violatoria del Canon 18 y del Canon 19 del Código de Ética Profesional, ante. Sin embargo, por tratarse de un caso aislado, y no de un patrón de conducta, recomendó una amonestación.

## III

Todo miembro de la profesión legal tiene el deber de defender diligentemente los intereses de su cliente con un trato profesional caracterizado por la mayor capacidad, lealtad, responsabilidad, efectividad y la más completa honradez. Su gestión profesional debe llevarse a cabo aplicando en cada caso sus conocimientos y habilidades. Canon 18 del Código de Ética Profesional, ante; *In re Grau Díaz*, 154 D.P.R. 70 (2001); *In re Águila López*, 152 D.P.R. 49 (2000); *In re Acosta Grubb*, 119 D.P.R. 595 (1987).

El Canon 18 del Código de Ética Profesional, ante, recoge, en esencia, el deber de todo abogado de atender los intereses de su cliente, desplegando la mayor diligencia y

---

([9]) Desde el 6 de septiembre de 2001 hasta enero de 2002.

el mayor cuidado. Dispone, en lo pertinente, que es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad, y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.

■ Este deber de competencia que consagra el referido Canon 18 se *infringe* cuando un abogado, luego de aceptar un caso, *no demuestra la competencia y diligencia que exige la práctica de la abogacía y no mantiene informado a su cliente del desarrollo del caso*. Al así actuar, un abogado incurre en una seria violación de la ética profesional. *In re Arroyo Rivera*, 148 D.P.R. 354 (1999); *In re Verdejo Roque*, 145 D.P.R. 83 (1998).

■ Por otra parte, el Canon 19 del Código de Ética Profesional, ante, establece que "[e]l abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado". De no hacerlo, incurre en una conducta irresponsable que viola la ética profesional. *In re Rosario*, 116 D.P.R. 462 (1985); *In re Acosta Grubb*, ante; *In re Cardona Vázquez*, 108 D.P.R. 6 (1978).

■ El deber de informar al cliente es un elemento imprescindible de la relación fiduciaria del abogado y el cliente. *In re Hernández Nazario*, 159 D.P.R. 63 (2003). En atención a ello, en *In re Laborde Freyre*, 159 D.P.R. 697 (2003), resolvimos que la actuación de un abogado de mantener ajeno a su cliente de las incidencias de su caso constituye una lesión a este canon y al proceso general de impartir justicia.

■ En el presente caso, el licenciado Alonso Santiago incumplió con los deberes éticos exigidos tanto por el Canon 18, ante, como por el Canon 19, ante, cuando luego de que aceptó representar a la querellante, no fue diligente en la defensa de los intereses de ésta. Una defensa diligente, en cumplimiento con el Canon 18, ante, incluía, ciertamente, el deber de tomar conocimiento de una enmienda

en la ley relacionada con un caso que éste tenía ante sí y tramitarlo de la forma más rápida y eficiente en beneficio de su cliente. A esos efectos, en *In re Díaz Alonso, Jr.*, 115 D.P.R. 755, 761 (1984), expresamos que *los abogados tienen la obligación ética de informarse adecuadamente del derecho aplicable a los casos bajo su consideración, para descargar de forma responsable sus obligaciones para con su cliente.*

Lo anterior no fue realizado por el aquí querellado ya que, ante el aparente desconocimiento de la enmienda en la nueva ley, inició un trámite judicial que tardó meses, cuando pudo, desde septiembre de 2001, informarle a la querellante que la ley había sido enmendada y que ella misma podía realizar este trámite sencillo ante la Superintendencia de la Policía,[10] posiblemente evitando de este modo que ésta fuese despedida de su empleo.

■ En cuanto a la violación del Canon 19 del Código de Ética Profesional, ante, hemos sido enfáticos en que un abogado está obligado a mantener a su cliente informado de todo asunto importante que ocurra durante el trámite de su caso. Una enmienda a la ley relacionada al caso que el abogado está trabajando constituye, ciertamente, un asunto importante que éste debió informarle a su cliente. En el presente caso, el licenciado Alonso Santiago estaba obligado a asesorar a su cliente sobre el curso de acción más indicado; esto incluía educar a su cliente sobre el cambio en la ley.

En vista de ello, como medida disciplinaria y por tratarse de una primera ofensa, entendemos procedente *amonestar* al Lcdo. Roberto Alonso Santiago por la conducta incurrida en el presente caso. Éste deberá, en el futuro, ejercer mayor cautela y atenerse estrictamente a los postulados que regulan la profesión de abogado, y se le apercibe contra futuras infracciones.

---

[10] Es de notar que la querellante obtuvo la eliminación del antecedente penal en sólo doce días.

*Se dictará Sentencia de conformidad.*

El Juez Asociado Seor Fuster Berlingeri no intervino. El Juez Asociado Seor Rivera Pérez se inhibió.