

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: Elpidio Castro Colón | 2010 TSPR 23 178 DPR \_\_\_\_ |

Número del Caso: CP-2007-1

Fecha: 22 de octubre de 2009

Abogado de la parte Querellada:

Lcdo. Ángel Tapia Flores

Oficina del Procurador General:

Lcda. Edna E. Rodríguez Benítez
Procuradora General Auxiliar

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correccione s del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace c omo un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:                                    CP-2007-1


Elpidio Castro Colón




PER CURIAM

San Juan, Puerto Rico, a 22 de octubre de 2009.

Nuevamente nos vemos forzados a disciplinar a un miembro de la profesión por haber actuado contrario al Canon 19 de Ética Profesional.[1] Por las razones que expondremos a continuación censuramos al Lcdo. Elpidio Castro Colón por no realizar los esfuerzos necesarios para informar a su cliente, la Sra. Maribel Rovira Irizarry, de la sentencia dictada por el Tribunal de Primera Instancia en el caso <u>José E. Basora Fagundo v. Maribel del Carmen Rovira Irizarry</u>, K AC1998-0315, ni de la orden emitida por el tribunal para ejecutar la referida sentencia.

---

[1] 4 L.P.R.A. Ap. IV C. 19.

I

El 6 de julio de 2004, la señora Rovira Irizarry presentó una queja sobre conducta profesional en contra del licenciado Castro Colón. En la referida queja, alegó que había contratado al licenciado Castro Colón para que la representara en el caso <u>José E. Basora Fagundo v. Maribel del Carmen Rovira Irizarry</u>, K AC1998-0315, y que no fue representada competentemente. También adujo que no fue informada de la sentencia final que dictó el Tribunal de Primera Instancia en dicho caso ni de la orden para ejecutar la misma.

Luego de los trámites de rigor, el 30 de enero de 2007, el Procurador General de Puerto Rico, en adelante Procurador General, presentó una Querella sobre Conducta Profesional en contra del licenciado Castro Colón. En específico, el Procurador General le imputó al licenciado Castro Colón los cargos siguientes:

> CARGO I: el Lcdo. Elpidio Castro Colón actuó en contravención a las disposiciones del Canon 19 de Ética y Conducta Profesional[2] al no mantener informada a su cliente, Sra. Maribel Rovira Irizarry, sobre el desarrollo y los asuntos importantes que surgían en el caso en que la representaba. No fue hasta el 23 de junio de 2004 cuando el abogado le notificó a su cliente Rovira Irizarry que desde el 9 de marzo de 2004 se había emitido Sentencia en su contra. De igual forma[,] no le notificó que se había solicitado la ejecución de dicha Sentencia, pese a que había sido notificado de tal solicitud desde el 3 de junio de 2004.

---

[2] 4 L.P.R.A. Ap. C. 19.

CARGO II: el Lcdo. Elpidio Castro Colón actuó en contravención a las disposiciones del Canon 18 de Ética y Conducta Profesional[3] al aceptar la representación legal de Maribel Rovira Irizarry y luego no demostrar competencia y diligencia en la defensa de los derechos e intereses de ésta.

Vista la querella formulada por el Procurador General y la contestación a ésta presentada por el licenciado Castro Colón, el 31 de marzo de 2008, emitimos una Resolución en la que nombramos como Comisionada Especial a la Lcda. Crisanta González Seda. En el descargo de sus funciones como Comisionada, la licenciada González Seda celebró varias vistas en las que recibió prueba de ambas partes.

El 11 de marzo de 2009, la Comisionada Especial rindió su informe final en donde incluyó las determinaciones de hechos que estimó probadas. A continuación, procedemos a reproducir tales determinaciones de hechos. Veamos.

El 19 de marzo de 1998, la señora Rovira Irizarry fue demandada por su ex-esposo, el Sr. José E. Basora Fagundo, en un pleito sobre división y liquidación de bienes gananciales. En aquel momento su representación legal estuvo a cargo del Lcdo. Felipe Castro Cruz.[4]

Luego de varios trámites procesales, el 15 de abril de 1999, el licenciado Castro Cruz presentó una moción en la

---

[3] 4 L.P.R.A. Ap. C. 18.

[4] Surge del expediente que la señora Rovira Irizarry también utilizó, extrajudicialmente, los servicios de la Lcda. Carmen Sonia Zayas; la Lcda. Marisabel Raffucci Caro; la Lcda. Wendy Lind Casado; y la Lcda. Pilar B. Pérez Rojas.

cual solicitó la renuncia a la representación legal de la señora Rovira Irizarry. Su solicitud de renuncia estuvo basada en que la señora Rovira Irizarry desobedecía continuamente las órdenes emitidas por el Tribunal de Primera Instancia, las cuales autorizaban la promoción y venta de un bien inmueble ganancial por un Corredor de Bienes Raíces. Además, la señora Rovira Irizarry no tenía una comunicación eficaz con el licenciado Castro Cruz, impidiendo así la preparación adecuada de su abogado. La renuncia del licenciado Castro Cruz fue aceptada por el foro primario el 7 de mayo de 1999.

Posteriormente, el 6 de julio de 1999, el Tribunal de Primera Instancia celebró una vista para atender el estado procesal del caso. En la referida vista, la señora Rovira Irizarry expresó que no tenía recursos para contratar a un abogado ni podía representarse por derecho propio. Debido a ello, el foro primario le concedió quince (15) días finales para que compareciera representada por abogado y le reiteró que las órdenes sobre la venta de la propiedad ganancial no habían sido dejadas sin efecto.

El 20 de julio de 1999, el Tribunal de Primera Instancia celebró otra vista. En esta ocasión, la señora Rovira Irizarry compareció representada por el licenciado

Castro Colón[5] y se comprometió a desalojar la propiedad ganancial dentro de los siguientes treinta (30) días.[6]

Luego de celebrado el juicio en su fondo y de vendida la propiedad ganancial, el 9 de marzo de 2004, el Tribunal de Primera Instancia dictó sentencia.[7] En ella esclareció los bienes y deudas de la extinta sociedad legal de gananciales e identificó los créditos a los cuales el demandante tenía derecho. Además, en la referida sentencia, el foro primario determinó que la señora Rovira Irizarry había sido temeraria durante el transcurso del pleito. Fundamentó su decisión en el comportamiento contumaz de la señora Rovira Irizarry y en su insistencia de levantar defensas frívolas.[8]

---

[5] La señora Rovira Irizarry contrató al licenciado Castro Colón a través de su vecino, el Lcdo. José Rodríguez Aponte. Surge del expediente que, luego de concedidos los quince (15) días finales para comparecer con representación legal, la señora Rovira Irizarry acudió donde el licenciado Rodríguez Aponte para ver si podía representarla. Éste le respondió que le era imposible debido a su volumen de trabajo, pero que trataría de conseguirle a alguien. A esos efectos, el licenciado Rodríguez Aponte habló con el licenciado Castro Colón para que, a modo de favor, representara a la señora Rovira Irizarry.

[6] La señora Rovira Irizarry, finalmente desalojó la propiedad ganancial durante el mes de marzo de 2000.

[7] Esta sentencia fue notificada el 2 de abril de 2004.

[8] En específico, la señora Rovira Irizarry se negó a cooperar con la venta de la propiedad inmueble ganancial, como también adujo que dicha propiedad no podía ser vendida ya que constituía el Hogar Seguro. Esta alegación no tuvo mérito pues la señora Rovira Irizarry no tenía la custodia de los hijos menores. Más aún, cuando la señora Rovira Irizarry finalmente desalojó la propiedad la dejó en un estado de deterioro.

Una vez la sentencia fue notificada, la secretaria legal del licenciado Castro Colón, Sra. Wanda Burgos,[9] trató de informarle a la señora Rovira Irizarry sobre dicha notificación. De igual forma, en varias ocasiones el licenciado Castro Colón también intentó conseguir a la señora Rovira Irizarry en los "lobbies" del Hotel San Juan y del Hotel Condado Plaza, lugares que ambos frecuentaban. Sin embargo, todos estos intentos fueron infructuosos. No fue hasta el 23 de junio de 2004 que el licenciado Castro Colón le informó a su cliente que el Tribunal de Primera Instancia había dictado sentencia en su contra y emitido una orden para ejecutar la referida sentencia.

II

En innumerables ocasiones hemos expresado que los miembros de la profesión jurídica, por ser oficiales del Tribunal, ostentan una posición revestida de alto interés

---

Posteriormente, durante la etapa de descubrimiento de prueba, la señora Rovira Irizarry negó haber firmado unos cheques que el demandante le había entregado. Como consecuencia de ello, el Tribunal de Primera Instancia tuvo que ordenar unas pruebas caligráficas cuyo resultado fue contrario a la posición de la señora Rovira Irizarry. Asimismo, la señora Rovira Irizarry nunca produjo los alegados documentos que sustentaban la naturaleza privativa de una propiedad inmueble, el cual realmente era de naturaleza ganancial. Tales documentos no existían, como tampoco había otra prueba que sustentara dichas alegaciones.

[9] La señora Burgos fue la secretaria legal del licenciado Castro Colón por diez (10) años. Ella era la única secretaria del licenciado Castro Colón y la persona encargada de recibir las llamadas telefónicas y la correspondencia. Conocía a la señora Rovira Irizarry porque fue cliente del licenciado Castro Colón.

público.[10]   Por ello, su desempeño profesional está regido por los Cánones de Ética Profesional.[11]

Los Cánones de Ética Profesional buscan promover el ejercicio profesional y personal del abogado a tono con los más altos principios de conducta decorosa, lo que redunda en beneficio de la profesión, de la ciudadanía y de las instituciones de justicia del país.[12]   Dos (2) de los principios fundamentales que promueven esa conducta decorosa lo son, precisamente, los contenidos en los Cánones 18 y 19, *supra*.  A saber: desempeño profesional competente y diligente; e información al cliente.  Ambos principios constituyen elementos imprescindibles en toda relación abogado-cliente.[13]

A

El Canon 18, *supra*, establece que todo abogado admitido a ejercer la profesión debe "defender diligentemente los intereses de su cliente, desplegando en cada caso su más profundo saber y habilidad, y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable".[14]   Así, todo abogado puede asumir

---

[10]  In re Pujol, res. 19 de junio de 2007, 2007 T.S.P.R. 129; In re Meléndez La Fontaine, 167 D.P.R. 111, 120 (2006).

[11]  4 L.P.R.A. Ap. IX.

[12]  In re Izquierdo Stella, 154 D.P.R. 732, 737 (2001).

[13]  *Véase* In re Alonso Santiago, 165 D.P.R. 555 (2005).

[14]  4 L.P.R.A. Ap. IX C. 18.  *Véase además* In re Rivera Lozada, res. el 26 de junio de 2009, 2009 T.S.P.R. 120; In

cualquier representación legal, siempre que se prepare adecuadamente y no imponga gastos ni demoras irrazonables a su cliente y a la administración de la justicia.[15]

No obstante, hemos reiterado que el deber de diligencia profesional es incompatible con la desidia, despreocupación, inacción y displicencia.[16] Por ello, todo abogado cuyo desempeño profesional no sea uno adecuado, responsable, capaz y efectivo, incurrirá en una clara violación al Canon 18, *supra*.[17]

B

El Canon 19, *supra*, le impone a todo abogado el deber ineludible de mantener informado a su cliente de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado.[18] Los casos pertenecen a los clientes y ellos tienen el derecho a estar informados de

---

re Avilés Vega, 141 D.P.R. 627, 632 (1996); In re Acosta Grubb, 119 D.P.R. 595, 602 (1987).

[15] 4 L.P.R.A. Ap. IX C. 18. *Véase además* In re Collazo I, 159 D.P.R. 141, 147 (2003).

[16] In re Collazo I, 151 D.P.R. 141, 146 (2003) (*citando a* In re Padilla Pérez, 135 D.P.R. 770, 776 (1994); In re Pérez Santiago, 131 D.P.R. 676, 692 (1992)). *Véase además* In re Mulero Fernández, res. el 20 de junio de 2008, 2008 T.S.P.R. 111; In re Colón Morera, res. el 23 de agosto de 2007, 2007 T.S.P.R. 157; In re Hoffman Mouriño, res. el 7 de mayo de 2007, 2007 T.S.P.R. 114; In re Ortiz López, res. el 22 de diciembre de 2007, 2007 T.S.P.R. 4.

[17] In re Collazo I, 151 D.P.R. 141, 147 (2003) (*citando a* In re Román Rodríguez, 152 D.P.R. 520, 526 (2000)).

[18] In re García Ortiz, res. el 10 de junio de 2009, 2009 T.S.P.R. 110 (*citando a* In re Álvarez Aponte, 158 D.P.R. 140, 149 (2002)).

todos los trámites importantes que sucedan.[19]  No cumplir
con este deber conlleva una clara violación ética al Canon
19, **la cual es independiente al deber de diligencia
impuesto por el Canon 18,** *supra*.[20]     Por ello, en
innumerables ocasiones hemos expresado que se viola el
Canon 19 cuando no se atienden los reclamos de información
del cliente, **no se le informa del resultado adverso de la
gestión encargada**, la acción se desestima o se archiva, no
se mantiene al cliente al tanto del estado o la situación
procesal del caso, o simplemente se niega al cliente
información del caso.[21]

III

El primer cargo de la querella le imputa al licenciado
Castro Colón haber actuado contrario al Canon 19, *supra*,
por no haberle informado a su cliente que el Tribunal de
Primera Instancia había dictado sentencia en su contra y
emitido una orden para ejecutar la misma.  A esos efectos,
el informe de la Comisionada Especial reveló que el
licenciado Castro Colón, como también su secretaria legal,
sí intentaron informarle a la señora Rovira Irizarry sobre
la referida sentencia.  Sin embargo, sus intentos no fueron
efectivos pues la información personal de la señora Rovira

---

[19] In re Álvarez Aponte, 158 D.P.R. 140, 149 (2002).

[20] In re Rivera Lozada, res. el 26 de junio de 2009, 2009
T.S.P.R. 120 (*citando a* In re Colón Morera, res. el 23 de
agosto de 2007, 2007 T.S.P.R. 157).

[21] *Id*.

Irizarry que obraba en expediente no estaba actualizada. Tal información correspondía a la propiedad inmueble ganancial que se había vendido.

Agrava la situación el hecho de que durante todo el transcurso del pleito la señora Rovira Irizarry residió en múltiples lugares[22] y nunca informó los cambios de dirección y teléfono. No obstante, a pesar que la señora Rovira Irizarry aportó a su propio estado de desinformación, el licenciado Castro Colón pudo haber desplegado un esfuerzo mayor para notificarle a su cliente de la sentencia dictada por el Tribunal de Primera Instancia y de la orden para ejecutar la misma. **Así, luego de haberse vendido la propiedad inmueble ganancial, el licenciado Castro Colón pudo haberle pedido a la señora Rovira Irizarry su nueva dirección residencial y número telefónico. En la alternativa, pudo haber hecho un esfuerzo por conseguir la información a través de abogado de la parte demandante,**

---

[22] Surge del informe de la Comisionada Especial que al momento de contestar la demanda, la señora Rovira Irizarry residía en la Calle Calderón de la Barca, W 47, Urbanización Húcares, Río Piedras. Luego de vendida la propiedad ganancial, la señora Rovira Irizarry vivió varios meses en los Estados Unidos de América. Para el momento en que el Tribunal de Primera Instancia dictó sentencia, 9 de marzo de 2004, la señora Rovira Irizarry vivía en la Urbanización Patio Sevillano, localizada en el Municipio de Trujillo Alto. Meses después, el 29 de junio de 2004, la señora Rovira Irizarry radicó una moción por derecho propio en la que indicó que residía en el Edificio Golden Court II, Apt. M-101, Box 277, Ave. Arterial Hostos, Hato Rey. Finalmente, para el momento en que la queja objeto de éste procedimiento disciplinario fue radicada, la señora Rovira Irizarry indicó que residía en la Calle Guadalupe, E 16, Urbanización Los Alamos, Guaynabo.

**Lcdo. Juan J. Nolla Amado, pues dicha parte tenía la custodia de los niños menores y debía conocer el lugar de residencia de la señora Rovira Irizarry.**

Vemos, pues, que las gestiones realizadas por el licenciado Castro Colón fueron insuficientes. No cumplen con los esfuerzos mínimos exigidos por este Tribunal y el Canon 19, *supra*. Poco importa si la señora Rovira Irizarry no le comunicó al licenciado Castro Colón su nueva dirección y número de teléfono; mucho menos si ésta estaba experimentando una fase de transición residencial inestable o si dejó de asistir a los lugares de entretenimiento nocturno que ambos frecuentaban. **El deber de informar continuamente establecido en el Canon 19, *supra*, es del abogado para con el cliente, mas no del cliente para con el abogado.**[23] **Por ello, todo abogado debe actuar proactivamente y asegurarse de tener actualizada la información de contacto de su cliente, de modo que siempre pueda mantenerlo informado de todo asunto importante que surja durante el pleito que se le encomendó; específicamente de las sentencias dictadas por el Tribunal y de las órdenes para ejecutarlas. Este deber es**

---

[23] Estamos conscientes de nuestros pronunciamientos en J.R.T. v. Marex Const. Co., Inc., 103 D.P.R. 135, 141 (1974), y entendemos que los mismos no son inconsistentes con lo aquí resuelto.

**independiente al mérito que tenga o no la presentación de un recurso de apelación.**[24]

El segundo cargo de la querella le imputa al licenciado Castro Colón haber actuado contrario al Canon 18, *supra*, por no haber defendido competente y diligentemente los derechos e intereses de la señora Rovira Irizarry. Alegó la quejosa que el licenciado Castro Colón no presentó prueba a su favor como tampoco permitió que ella testificara durante el juicio. A esos efectos, el informe de la Comisionada Especial reveló que el licenciado Castro Colón defendió los intereses de su cliente empleando su mayor capacidad, habilidad y responsabilidad.

Durante el transcurso del pleito, el licenciado Castro Colón radicó múltiples mociones e interrogatorios y formuló alegaciones tratando de justificar la conducta contumaz de su cliente. Además, en el juicio en su fondo, hizo objeciones oportunas y bien fundamentadas. Mientras contrainterrogaba a la parte demandante demostró preparación y conocimiento de toda la evidencia que dicha parte presentó para establecer los créditos que reclamaba.

Más importante aún, contrario a lo alegado por la señora Rovira Irizarry, el licenciado Castro Colón no le prohibió a ésta que testificara durante el juicio. Fue ella quien nunca estuvo interesada en ejercer tal derecho.

---

[24] In re Ayala Torres, 150 D.P.R. 288, 293 (2000). *Véase además* Colón Prieto v. Géigel, 115 D.P.R. 232, 240 (1984).

De igual forma, las alegaciones referentes a la no presentación de prueba durante el juicio son inmeritorias. La señora Rovira Irizarry nunca produjo los documentos que sustentaban sus alegaciones sobre la naturaleza privativa del bien inmueble, como tampoco identificó persona alguna que pudiera testificar sobre ello.

Lo anterior nos lleva a concluir que la alegada falta al Canon 18, *supra*, no fue cometida. El desempeño del licenciado Castro Colón defendiendo los derechos e intereses de la señora Rovira Irizarry fue diligente y competente.

IV

Un análisis del expediente profesional del licenciado Castro Colón revela que éste no ha incurrido en ninguna falta disciplinaria anterior,[25] como también refleja que goza de buena reputación profesional entre sus compañeros. Igualmente, el licenciado Castro Colón expresó su sincero arrepentimiento y aceptó que su conducta fue contraria al Canon 19, *supra*, y que pudo haber hecho esfuerzos adicionales para informarle a la señora Rovira Irizarry de

---

[25] El 31 de marzo 2005, emitimos una Resolución en donde ordenamos el archivo de la queja presentada por el Sr. José Lambert Figueroa en contra del licenciado Castro Colón. Durante el transcurso de la investigación, el señor Lambert Figueroa aceptó que su queja no estaba fundamentada en hechos de conocimiento personal, por lo que el Procurador solicitó el archivo y sobreseimiento de la queja.

la sentencia dictada en su contra y de la orden para ejecutar la misma.[26]

No obstante, no podemos obviar que la conducta del licenciado Castro Colón constituyó una clara violación al Canon 19, *supra*.

V

Por los fundamentos antes expuestos, censuramos enérgicamente al licenciado Castro Colón por haber incurrido en conducta contraria al Canon 19 de Ética Profesional, *supra*. Le apercibimos que si en el futuro incurre en conducta análoga podría ser disciplinado en forma más severa.

Se dictará sentencia de conformidad.

---

[26] *Véase* In re Quiñones Ayala, 165 D.P.R. 138, 147 (2005).

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

CP-2007-1

Elpidio Castro Colón

SENTENCIA

San Juan, Puerto Rico, a 22 de octubre de 2009.

Por los fundamentos antes expuestos, en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, censuramos enérgicamente al Lcdo. Elpidio Castro Colón por haber incurrido en conducta contraria al Canon 19 de Ética Profesional, *supra*. Le apercibimos que si en el futuro incurre en conducta análoga podría ser disciplinado en forma más severa.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo, Interina. El Juez Presidente señor Hernández Denton disiente por entender que del Informe de la Comisionada Especial surge que no se presentó prueba clara, robusta y convincente para sostener las violaciones éticas imputadas al Lcdo. Elpidio Castro Colón, razón por la cual se recomendó la desestimación de los cargos imputados. In re Caratini Alvarado, 153 D.P.R. 575 (2001). Específicamente, la Comisionada Especial determinó que la clienta del querellado, Sra. Maribel Rovira Irizarry, incurrió en una conducta recurrente de no dar seguimiento a su caso y no informar sus direcciones ni su número de teléfono, lo que contribuyó a que la sentencia no pudiera notificársele. Véase, J.R.T. v. Marex Const. Co.,

<u>Inc.</u>, 103 D.P.R. 135 (1974).  Este patrón de conducta de la señora Rovira Irizarry ocurrió desde antes que el querellado asumiera su representación legal y fue precisamente lo que motivó que su abogado anterior solicitara renunciar al caso.  En ausencia de pasión, prejuicio o parcialidad estas determinaciones nos merecen deferencia, por lo que contrario al curso de acción seguido por el Tribunal de censurar enérgicamente al querellado, hubiésemos desestimado la querella presentada en su contra.  <u>In re Morales Soto</u>, 134 D.P.R. 1012 (1994).

La Jueza Asociada señora Fiol Matta y el Juez Asociado señor Martínez Torres se unen a las expresiones del Juez Presidente señor Hernández Denton.


Juliana Mosquera Soler
Secretaria del Tribunal Supremo, Interina