*In re* DAVID ROMÁN RODRÍGUEZ, querellado.

*Número:* CP-1995-3          *Resuelto:* 14 de noviembre de 2000

*Carlos Lugo Fiol, Procurador General, Jacqueline Navas De-
bién, Subprocuradora General, y Cynthia Iglesias Quiño-
nes, Procuradora General Auxiliar; David W. Román, pro
se.*

PER CURIAM: Examinadas las determinaciones de hechos
formuladas por el Comisionado Especial en su Informe so-
bre las alegadas violaciones del querellado David Román
Rodríguez a los Cánones 18, 19, 20 y 23 del Código de Ética
Profesional, 4 L.P.R.A. Ap. IX, se suspende por un término
de seis (6) meses de la profesión de la abogacía al
querellado.

## I

El Lcdo. David Román Rodríguez fue admitido al ejercicio de la abogacía y el notariado en 1979. A finales de junio de 1989, Román Rodríguez acordó asumir la representación legal del Dr. Wildo D. Colón Rivera en cuatro (4) casos que estaban pendientes ante el entonces Tribunal Superior de San Juan, relacionados con un inmueble propiedad de Colón Rivera. A continuación relataremos cuáles fueron las actuaciones del licenciado Román Rodríguez en cada una de las referidas acciones judiciales que dieron motivo a la presentación de la querella en el presente caso.

A. *Wildo D. Colón Rivera v. Olympic Mortgage Bankers Corp. y Carlos Mártir, Civil Núm. KAC 89-0324*

La única comparecencia del licenciado Román Rodríguez en este caso fue en la conferencia con antelación a la vista celebrada el 14 de noviembre de 1989, es decir, cuatro (4) meses después de haber aceptado la representación legal de Colón Rivera. En esa única comparecencia, Román Rodríguez desistió sin perjuicio de la demanda instada por su cliente aduciendo que las alegaciones hechas en ese caso también se habían presentado en otro caso (*Bayamón Housing Investment, Inc. v. Humberto J. Mirabal, Ana Matilde Rivera Vda. de Mirabal, Wildo D. Colón Rivera, Interventor*, Civil Núm. KDC 89-0482), en el que su cliente, Colón Rivera, era parte interventora. El licenciado Román Rodríguez no consultó ni le informó a su cliente dicha decisión.

B. *Bayamón Housing Investment, Inc. v. Humberto J. Mirabal, Ana Matilde Rivera Vda. de Mirabal, Wildo D. Colón Rivera, Interventor, Civil Núm. KDC 89-0482*

La primera comparecencia del licenciado Román Rodríguez en este caso fue en la vista en su fondo señalada para

el 21 de febrero de 1990, esto es, siete (7) meses después de haber aceptado representar a Colón Rivera, quien era un interventor en dicha acción.

Los abogados comparecientes, incluido el licenciado Román, informaron al Tribunal que estaban próximos a llegar a una transacción, por lo que se canceló la vista en su fondo. El licenciado Román Rodríguez no se comunicó con su cliente, ni antes ni después de esa fecha, para informarle el tipo de arreglo que estaba negociando o para obtener su consentimiento a la posible transacción.

Llamado el caso para la vista en su fondo, Román Rodríguez compareció en representación de su cliente y desistió con perjuicio de la demanda. Tampoco le informó a su cliente dicha decisión ni le explicó las razones que la motivaron.

Posteriormente, el tribunal de instancia dictó sentencia en el caso. Eventualmente se celebró una subasta pública en la que se vendió el inmueble en cuestión. Román Rodríguez tampoco le notificó al cliente que se había dictado sentencia en su contra en el caso ni que se había celebrado la subasta. Es cinco (5) meses después de dictada la sentencia y un (1) mes después de adjudicada la subasta, que Colón Rivera se entera de la información. Es en ese momento que Román Rodríguez le solicitó a su cliente que le enviara ocho mil setecientos treinta y seis dólares ($8,736) para pagar la hipoteca que gravaba el inmueble objeto de ejecución en dicho caso. El cliente envió un giro a dichos efectos, el cual, aunque no fue utilizado para provecho de Román, fue retenido por éste y no fue usado para hacer el pago correspondiente.

C. *Wildo D. Colón Rivera v. Humberto J. Mirabal, Civil Núm. 86–3945(807)*

El querellado Román Rodríguez no realizó gestión alguna en este caso.

D. *Banco Popular v. Humberto J. Mirabal, etc., Civil Núm. CS-87-4957*

Román Rodríguez nunca compareció en esta acción a representar a su cliente, Colón Rivera.

Resulta pertinente puntualizar, además, que cuando el licenciado Román Rodríguez aceptó la representación legal de Colón Rivera, además de acordar que lo representaría en las cuatro (4) acciones judiciales mencionadas anteriormente, se comprometió a diligenciar la inscripción en el Registro de la Propiedad de un inmueble y a realizar las gestiones pertinentes para intentar recuperar otro inmueble, propiedad del cliente, que había sido embargado por el Gobierno federal. El licenciado Román Rodríguez no hizo gestión alguna con relación a estos dos asuntos.

Luego de estos incidentes, Colón Rivera le solicitó la renuncia al licenciado Román Rodríguez y le indicó que le entregara los expedientes al Lcdo. Frank Gotay Barquet. El licenciado Román Rodríguez rehusó entregar los expedientes. Este Tribunal, a solicitud del licenciado Gotay Barquet, le ordenó a Román Rodríguez que entregara los expedientes. Román Rodríguez entregó los expedientes incompletos.

Así las cosas, Colón Rivera, en 1994 presentó ante el Tribunal de Primera Instancia una acción de daños y perjuicios por impericia profesional contra el licenciado Román Rodríguez. Alegó, en síntesis, que las actuaciones del abogado antes relatadas causaron que perdiera un inmueble, la suma pagada por una hipoteca, los honorarios y otros desembolsos que hizo para proteger dicho inmueble. Además, perdió la renta que recibía de los cuatro (4) apartamentos que ubicaban en el referido inmueble. Finalmente, adujo que las actuaciones de Román Rodríguez le habían causado angustias mentales y sufrimientos. Luego de los trámites y procedimientos de rigor, el Tribunal de Primera Instancia declaró con lugar la demanda y condenó

a Román Rodríguez a satisfacer al demandante la cantidad de doscientos sesenta y cuatro mil ciento noventa y cuatro dólares ($264,194).

Por su parte, el Procurador General presentó una querella contra el licenciado Román Rodríguez por los mismos hechos que dieron base a la acción de daños y perjuicios por impericia profesional.

Así las cosas, a finales de 1998, este Tribunal nombró un Comisionado Especial para que recibiera la prueba correspondiente. Con motivo de su encomienda, el Comisionado convocó una conferencia con antelación a la vista a la que no compareció el querellado Román Rodríguez. Más adelante, se señaló otra vista a la que tampoco compareció.

En octubre de 1999 se celebró una vista ante el Comisionado Especial en la que el querellado admitió los hechos de la querella y pidió disculpas por los problemas que su conducta ocasionó. Señaló que no tenía experiencia en la litigación civil, ya que se ha dedicado a la práctica del derecho penal en el foro federal. También adujo que llegó a un acuerdo con Colón Rivera en virtud del cual le pagó cincuenta y cinco mil dólares ($55,000) y se comprometió a otorgar un pagaré hipotecario por ciento trece mil dólares ($113,000). El pago del remanente de la deuda iba a ser negociado posteriormente. Adujo que dicho acuerdo "disponía de la razón" por la cual el querellante había acudido a este Tribunal.

## II

Indudablemente el licenciado Román Rodríguez ha mostrado una conducta reiterada que refleja que ha violado las obligaciones básicas con su cliente y con los principios que ordenan los cánones del Código de Ética Profesional. Veamos.

## A. *Deber de diligencia y competencia*

■ Todo miembro de la profesión legal tiene el deber de defender los intereses del cliente diligentemente con un trato profesional caracterizado por la mayor capacidad, la más devota lealtad y la más completa honradez. Su gestión profesional debe llevarse a cabo aplicando en cada caso sus conocimientos y habilidades. Debe desempeñarse de una forma adecuada, responsable, capaz y efectiva. Canon 18 del Código de Ética Profesional, *supra*; *In re Acosta Grubb*, 119 D.P.R. 595 (1987); *In re Roldán Figueroa*, 106 D.P.R. 4 (1977). Incumple un abogado con sus deberes éticos cuando luego de aceptar representar a un cliente, no hace gestión profesional alguna a favor de éste. *In re Pagán Ayala*, 115 D.P.R. 431 (1984).

El querellado no compareció ni realizó gestión de clase alguna en dos de los casos en los que representaba a su cliente. En los otros dos casos compareció cuatro (4) y siete (7) meses, respectivamente, después de haber aceptado la representación legal. Además, la defensa de los intereses de su cliente en ese caso fue inadecuada. Desistió en uno de los casos porque trataba sobre los mismos hechos de otro caso en el que su cliente era interventor. No obstante, desistió con perjuicio en ese otro caso. De modo que, desistió del primer caso para seguir con el segundo y luego decide desistir del segundo también, sin consultar o informar a su cliente.

Finalmente, a pesar de haberse comprometido a ello, no diligenció la inscripción en el Registro de la Propiedad de un inmueble perteneciente a su cliente, ni realizó acto alguno para intentar recuperar otro inmueble propiedad del cliente, que había sido embargado por el Gobierno federal.

El querellado incumplió crasamente con sus deberes éticos pues no desplegó la responsabilidad, diligencia y competencia necesarias. La indiferencia, desidia, despreocupación e inacción en relación con la representación legal de

su cliente constituyeron un patrón de conducta del querellado Román Rodríguez.

La única contención del querellado para explicar su proceder es que no tenía experiencia en la litigación civil, ya que ha dedicado su práctica legal al derecho penal en el foro federal. No nos persuade. Es impropio el que un abogado asuma la representación profesional cuando sea consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia. Canon 18 del Código de Ética Profesional, *supra*.

## B. *Deber de información*

Un abogado debe mantener informado a su cliente de las gestiones realizadas y del desarrollo de los asuntos a su cargo. Canon 19 del Código de Ética Profesional, *supra*. Debe el abogado consultar a su cliente sobre cualquier duda sobre asuntos que no caigan en el ámbito discrecional. Véanse: *In re Acosta Grubb*, supra; *In re Cardona Vázquez*, 108 D.P.R. 6 (1978). También hemos señalado que el abogado tiene el deber de mantenerse informado sobre las decisiones de un tribunal con respecto a los asuntos sobre los cuales ostenta la representación de una de las partes en un litigio. *Otero Fernández v. Alguacil*, 116 D.P.R. 733 (1985).

El querellado Román Rodríguez no le informó a su cliente aspectos y desarrollos fundamentales en los asuntos que tenía a su cargo. Así, desistió con perjuicio en dos de los casos en los que representaba a su cliente sin consultarle, o siquiera informarle de los desistimientos.

Por otro lado, se dictó sentencia en uno de los casos y Román Rodríguez no se lo informó al cliente. Es después de cinco (5) meses de dictada la sentencia que el cliente se entera de dicha información. Ciertamente, una

sentencia que pone fin, parcial o totalmente a la causa de acción es uno de los asuntos que han de ser informados por el abogado inmediatamente al cliente. *Colón Prieto v. Géigel*, 115 D.P.R. 232 (1984).

Por otra parte, Román Rodríguez en uno de los casos que tenía a su cargo llevó a cabo conversaciones dirigidas a llegar a un acuerdo de transacción con las demás partes sin comunicarse con el cliente para informarle el tipo de arreglo que estaba negociando o para obtener su consentimiento a la posible transacción. Es deber del abogado notificar a su cliente de cualquier oferta de transacción. Canon 18 del Código de Ética Profesional, *supra.*

Finalmente, surge del expediente que Colón Rivera, en varias ocasiones, se comunicó por carta y por teléfono con Román Rodríguez para indagar sobre el estado de situación de los asuntos que le encomendó, y éste no le contestaba dichos requerimientos.

A la luz de lo anterior, es evidente que el licenciado Román Rodríguez incumplió en reiteradas ocasiones su deber ético de mantener informado a su cliente.

## C. *Renuncia de representación legal*

El Canon 20 del Código de Ética Profesional, *supra*, establece que al ser efectiva la renuncia del abogado, éste tiene la obligación de hacerle entrega del expediente a su cliente y de todo documento relacionado con el caso. Una vez el cliente solicita la entrega del expediente, el abogado viene obligado a entregarlo de inmediato y sin dilación alguna. *In re Avilés Vega*, 139 D.P.R. 627 (1996).

Colón Rivera le solicitó al querellado la renuncia de la representación. Además, le indicó que le entregara los expedientes de los casos al licenciado Gotay Barquet. Este último solicitó mediante cartas y llamadas telefónicas la entrega de los expedientes, a lo que se negó el querellado. No es hasta que este Tribunal lo ordena cuando Román Rodríguez entrega los expedientes. Sin embargo, los en-

tregó incompletos, viéndose precisado Colón Rivera a solicitar en el Tribunal de Primera Instancia copia de los documentos que faltaban en el expediente.

El licenciado Román Rodríguez incumplió con su deber de entregar prontamente y sin dilaciones los expedientes de su cliente, cuando éste así lo requirió.

## D. *Retención indebida de fondos del cliente*

Hemos señalado que un abogado incurre en grave falta y es altamente impropio retener fondos pertenecientes al cliente, aun cuando el abogado no tenga la intención de apropiárselos. Véase Canon 23 del Código de Ética Profesional, *supra*; *In re Vázquez O'Neill*, 121 D.P.R 623 (1988).

Como señalamos anteriormente, el querellado Román Rodríguez le solicitó a su cliente que le enviara ocho mil setecientos treinta y seis dólares ($8,736) para pagar la hipoteca objeto de ejecución en una acción judicial. El cliente envió un giro a dichos efectos, el cual, aunque no fue utilizado para provecho de Román Rodríguez, fue retenido por éste y no fue usado para pagar la referida hipoteca. Es evidente que el querellado no debió haber retenido los fondos del cliente, sin haberlos destinado al uso que el cliente le instruyó.

## E. *Incumplimiento, demoras y tardanzas irrazonables dentro del procedimiento disciplinario*

El querellado incurrió en conducta profesional antiética al desobedecer las órdenes de este Tribunal y al requerimiento de contestación del Colegio de Abogados. El licenciado Román Rodríguez nunca contestó la queja ni la querella presentada por el Procurador General. Por el contrario, se limitó a presentar ante este Tribunal mociones de prórroga para contestar la querella y mociones informativas. Por otro lado, el querellado no compareció a dos (2) vistas señaladas por el Comisionado Especial nom-

brado por este Tribunal para que recibiera la prueba correspondiente.

Así, Román Rodríguez ha mostrado una conducta de extrema falta de rigor y puntualidad en la atención de los plazos judiciales y requerimientos, dando lugar a dilaciones y tardanzas en el proceso disciplinario en su contra.

Resulta pertinente destacar que en una ocasión anterior este Tribunal suspendió indefinidamente de la profesión a Román Rodríguez por el mismo motivo, pues no atendió las comunicaciones del Colegio de Abogados en otro procedimiento disciplinario presentado contra él, ni respondió diligentemente a las órdenes de este Tribunal. Véase *In re Román Rodríguez*, 147 D.P.R. 479 (1999).(¹)

■ Hemos señalado que la naturaleza de la función de la abogacía requiere una escrupulosa atención y obediencia a las órdenes del Tribunal Supremo particularmente cuando se trate de trámites relacionados con la conducta profesional. *In re Santiago Méndez*, 129 D.P.R. 696 (1991); *In re Álvarez Meléndez*, 129 D.P.R. 495 (1991). La conducta de un abogado de desatender requerimientos de este Tribunal con relación a una queja presentada en el Colegio de Abogados acarrea sanción disciplinaria. *In re Manzano*, 129 D.P.R. 955 (1992).

## III

En suma, Román Rodríguez incumplió su deber de desplegar la responsabilidad, diligencia, competencia y eficacia requerida en los asuntos que le fueron encomendados. Además, violó su deber de mantener informado a su cliente de los asuntos que tenía a su cargo. También retuvo bienes de su cliente sin destinarlos para los propósitos que éste le ordenó y se demoró inexcusablemente en devolver los ex-

---

(¹) Mediante resolución, reinstalamos a Román Rodríguez al ejercicio de la abogacía. Véase *In re Román Rodríguez*, 150 D.P.R. 325 (2000).

pedientes a su cliente, cuando así le fue requerido. Por último, el querellado demostró una falta de rigor y puntualidad durante el proceso disciplinario.

Arguye Román Rodríguez que el acuerdo económico al que llegó con su cliente en la acción de daños y perjuicios por impericia profesional "dispone de la razón" por la cual el querellante había acudido a este Tribunal. No tiene razón. Hemos indicado que el ejercicio de la jurisdicción disciplinaria de este Tribunal no puede ser limitado en virtud de un acuerdo de transacción entre el abogado y el cliente perjudicado. *In re Pagán Ayala*, 117 D.P.R. 180 (1986).

En vista de que el querellado incumplió repetida y crasamente con los cánones del Código de Ética Profesional, y los deberes y obligaciones que tenía para con su cliente, procede decretar la suspensión inmediata de Román Rodríguez de la profesión de la abogacía por un término de seis (6) meses.

*Se dictará la sentencia correspondiente.*

El Juez Asociado Señor Rebollo López y la Juez Asociada Señora Naveira de Rodón no intervienen.