*In re* MARIO A. TORRES RIVERA.

*Número:* AB-2001-31          *Resuelto:* 18 de febrero de 2003

*Alejandro Torres Rivera,* abogado de la parte querellada; *Carmen H. Carlos, directora de la Oficina de Inspección de Notarías.*

PER CURIAM: El 11 de marzo de 2002 la Directora de la Oficina de Inspección de Notarías (en adelante ODIN) presentó un informe relacionado con una queja presentada por la Sra. Enid Pérez Figueroa contra el abogado-notario, Lcdo. Mario A. Torres Rivera. La señora Pérez Figueroa le imputó al licenciado Torres Rivera haber otorgado una escritura que no era válida, por lo que no fue posible inscribirla en el Registro de la Propiedad. Además, alegó que hubo negligencia en el proceso de corregir las deficiencias y que se le desinformó de manera intencional con el propósito de ocultar la impericia cometida.

En su Informe, ODIN expresa que

> [n]o está en controversia en esta queja, y así lo acepta el querellado, el incumplimiento de sus deberes notariales a fin de lograr lo que desde el año 1983 le fue solicitado por la [señora Pérez Figueroa]. Informe de la Directora de la Oficina de Inspección de Notarías, 27 de febrero de 2002, pág. 4.

En su contestación a la queja el licenciado Torres Rivera expresa que

> ... es un hecho irrefutable que bajo las condiciones expuestas en la escritura número 20 del 6 de marzo de 1984 [Escritura de Cesión de Derechos y Acciones], el título de la propiedad no podía ser inscrito a nombre de la Querellante. Comentarios y reacciones del licenciado Mario A. Torres Rivera en relación a "Queja por conducta profesional" del 20 de marzo de 2001, pág. 14.

Tampoco está en controversia la deficiente labor instrumentadora del querellado, quien, consciente de que no todos los herederos podían comparecer al otorgamiento, autorizó un instrumento antes de completar las gestiones correspondientes a la obtención de poderes para conformar el consentimiento de toda una sucesión.

Con relación al Informe de ODIN, el querellado indica que éste "es uno esencialmente balanceado, objetivo y jurídicamente correcto".

Los daños a la querellante ocasionados por las actuaciones u omisiones del notario Torres Rivera fueron transigidos en un pleito civil presentado ante el foro federal y, aunque el querellado no ha cumplido en su totalidad con los términos de la estipulación, ODIN reconoce que esto "se debe a la inacción u omisión de la propia quejosa".

■ En reiteradas ocasiones hemos reconocido que la transacción mediante una acción civil o indemnización monetaria por los daños ocasionados por actuaciones impropias o deshonestas de un abogado o un notario, no impide nuestra jurisdicción disciplinaria en la querella que ha sido transigida. Sin embargo, esta gestión puede ser un

atenuante importante a favor del notario. *In re Pagán Ayala*, 117 D.P.R. 180, 187 (1986). Véanse, además: *In re Román Rodríguez*, 152 D.P.R. 520, 531 (2000); *In re Ardín*, 75 D.P.R. 496, 500 (1953).

■ También hemos resuelto que constituirán atenuantes que el notario querellado demuestre que no hubo mala fe ni la intención de lucro o de engañar a la querellante; que éste gozaba de una buena reputación en su desempeño como abogado y notario, y que se mantiene en su intención de resarcir a la querellante y subsanar las irregularidades. *In re Vélez Barlucea*, 152 D.P.R. 298, 308–311 (2000); *In re Raya*, 117 D.P.R. 797, 802–803 (1986).

Aun cuando tomamos en consideración que el asunto de la querella de marras es serio, éste no parece ser ilustrativo del desempeño del notario licenciado Torres Rivera. En primer lugar, de ninguna forma éste parece haber actuado con el propósito de favorecer a alguno de los otorgantes, ni de defraudar o lucrarse. En segundo lugar, el querellado ha hecho múltiples gestiones para corregir sus omisiones, y en la querella de marras, el perjuicio ocasionado a la querellante está en vías de subsanarse. Por último, en ausencia de lesión a un interés público mayor, acogemos la recomendación de ODIN y censuramos enérgicamente al licenciado Torres Rivera, y le apercibimos que en el futuro habremos de ser más severos en la imposición de medidas disciplinarias de éste incurrir en alguna otra falta a su deber profesional como notario. Tanto la querellante, la señora Pérez Figueroa, como el querellado, el licenciado Torres Rivera, deberán mantener a este Tribunal informado de sus gestiones para cumplir con la sentencia que con relación a los hechos que motivaron la querella recayó en contra del querellado. Se le advierte al licenciado Torres Rivera que se mantiene la jurisdicción disciplinaria de este Tribunal hasta tanto se dé por cumplida en su totalidad la estipulación acordada con la señora Pérez Figueroa. La Secretaría

de este Tribunal mantendrá activo el expediente de este asunto hasta que se cumpla con lo antes dispuesto.

*Se dictará la correspondiente sentencia.*