

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Francis Pérez Riveiro | 2010 TSPR 230<br><br>180 DPR \_\_\_\_ |

Número del Caso: CP-2007-21

Fecha: 30 de noviembre de 2010

Abogado de la Parte Peticionaria:

      Lcdo. Nasser A. Taha Montalvo

Oficina del Procurador General

      Lcda. Lcda. Edna Evelyn Rodríguez Benítez
      Procuradora General Auxiliar

Materia: Conducta Profesional-Se Censura Enérgicamente

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Francis Pérez Riveiro                CP-2007-21

PER CURIAM

San Juan, Puerto Rico a 30 de noviembre de 2010.

En el presente caso el Procurador General radicó una querella contra el Lcdo. Francis Pérez Riviero en la cual le imputó violaciones al Canon 18 de Ética Profesional, 4 L.P.R.A. Ap. IX, que exige a los abogados diligencia y competencia en su representación legal, al Canon 35, *supra*, que requiere sinceridad y honradez en el trato con los operadores del sistema judicial, y al Criterio General de los Cánones, que regula los deberes de los abogados hacia sus clientes. Las faltas éticas impugnadas surgieron porque el licenciado Pérez Riviero asumió la representación legal simultánea de tres hermanos sin defender adecuadamente los intereses de cada uno de ellos.

Luego de examinar el Informe de la Comisionada Especial nombrada por el Tribunal para dilucidar la querella presentada contra el licenciado Pérez Riveiro, concluimos que éste infringió las disposiciones del Canon 18 de Ética Profesional, *supra*, al no mantener informado adecuadamente a uno de sus clientes.

I.

Los hechos que originaron la presente queja se remontan a 1991, cuando el licenciado Pérez Riveiro asumió la representación legal de los hermanos Jorge, Víctor y Miriam – todos de apellido Ortiz Pagán – en un pleito de partición de herencia en contra de otro hermano de doble vínculo, Luis Ortiz Pagán. Durante el transcurso del pleito, el hermano demandado falleció. Sin embargo, previo al deceso, las partes convinieron un acuerdo de partición de herencia y el cuaderno particional que recogía dicho acuerdo fue aprobado en 1999 por el Tribunal de Primera Instancia, Sala de Mayagüez. Como parte del acuerdo, el hermano demandado emitió un cheque por $16,057.78 a favor de sus hermanos demandantes y del licenciado Pérez Riveiro. Según el cuaderno particional, al codemandante, Sr. Jorge Ortiz Pagán, le correspondían $15,708.52 de la suma total.

Esta cantidad, sin embargo, nunca le fue entregada al Sr. Jorge Ortiz Pagán, quien reclamó que, como el licenciado Pérez Riveiro recibió el cheque y aparecía nombrado en él, éste debía consignarlo en el tribunal o pagarle la porción que le correspondía. Al no hacerlo, el

licenciado Pérez Riveiro incurrió en una representación legal inadecuada, según la queja que presentó el Sr. Jorge Ortiz Pagán y que posteriormente sirvió de base para la querella radicada por el Procurador General.

El licenciado Pérez Riveiro, por su parte, expuso al Procurador General que los hermanos a quienes representaba se encontraban enfrascados en una disputa por la herencia y que entre éstos existía desconfianza y falta de comunicación. También aseguró que desconocía la razón por la cual el hermano demandado en el pleito original de herencia le envió el cheque a él y no a sus clientes directamente. Asimismo, el abogado de epígrafe explicó que les resaltó a los hermanos la conveniencia para todos de endosar el cheque para consignarlo en el Tribunal de Primera Instancia mientras se dirimía la controversia, pero que el quejoso rechazó de plano esta sugerencia y no asistió a una reunión convocada para discutir el asunto.

Por otra parte, el licenciado Pérez Riveiro reconoció que recibía y acataba instrucciones del Sr. Víctor Ortiz Pagán para los trámites del caso, incluyendo lo relacionado con el cheque en controversia. Respecto a las instrucciones que recibió del Sr. Víctor Ortiz Pagán, el querellado expresó lo siguiente: "la casi totalidad de mi contacto con la parte que representamos se dio a través de don Víctor, a quien siempre consideré como la persona con autoridad que representaba sus intereses personales y los de sus hermanos por igual".

El licenciado Pérez Riveiro expuso que le explicó al Sr. Víctor Ortiz Pagán que era necesario acumular a sus hermanos Jorge y Miriam como partes indispensables, y que como respuesta el Sr. Víctor Ortiz Pagán le indicó que éstos habían delegado su autoridad en él para actuar, así como para administrar y conservar los bienes del caudal. El licenciado Pérez Riveiro señaló que para el momento de su contratación percibía entre los hermanos un ambiente de aparente cordialidad y buenas relaciones y que por eso nunca vaciló en tomar por buenas las directrices del Sr. Víctor Ortiz Pagán como representativas del sentir de los otros hermanos. Sin embargo, el Sr. Víctor Ortiz Pagán nunca presentó —ni el abogado requirió— documento alguno que le acreditara como representante de los intereses de sus dos hermanos codemandantes.

Por instrucciones del Sr. Víctor Ortiz Pagán, el licenciado Pérez Riveiro personalmente endosó y depositó el cheque obtenido producto del acuerdo entre sus clientes y el hermano originalmente demandado. El cheque fue depositado en una cuenta corporativa propiedad de Conuco Corporation, uno de cuyos incorporadores era el licenciado Pérez Riveiro. El licenciado Pérez Riveiro justificó la transacción bancaria al señalar que la hizo por instrucciones del Sr. Víctor Ortiz Pagán y que, en cualquier caso, depositó el cheque, extrajo el dinero y lo entregó al Sr. Víctor Ortiz Pagán de forma simultánea, sin obtener beneficio económico alguno.

Luego de los trámites correspondientes, el Procurador General presentó una querella en la que le imputó al licenciado Pérez Riveiro haber violado el Criterio General de los Cánones de Ética Profesional que regula los deberes de los abogados hacia sus clientes, el Canon 18 y el Canon 35, *supra*. Las violaciones éticas imputadas se sustentaron en que presuntamente el licenciado Pérez Riveiro incurrió en contradicciones en las tres cartas que envió al Procurador General como parte de su réplica a la queja presentada. Las alegaciones se sustentaban, además, en que el abogado querellado había seguido las instrucciones de uno de sus clientes para depositar un cheque sin la anuencia de sus otros clientes, lo que ocasionó que uno de ellos – el quejoso – resultara perjudicado al no poder recibir una cantidad correspondiente a su participación en la herencia.

El licenciado Pérez Riveiro contestó la querella por medio de su representación legal y pidió que se realizara una vista evidenciaria. En atención a ello, nombramos a la Hon. Eliadis Orsini Zayas como Comisionada Especial para que celebrara las vistas correspondientes y nos rindiera un informe.

Luego de los procesos de rigor, el caso se estipuló por la prueba documental y la Comisionada Especial rindió su informe. En éste, expresó que el licenciado Pérez Riveiro había incurrido en contradicciones en sus comunicaciones al Procurador General en cuanto al cheque y

en cuanto a las relaciones entre sus clientes, los hermanos Víctor, Jorge y Miriam Ortiz Pagán. Del mismo modo, determinó que el abogado había aceptado la representación legal de tres hermanos, pero había actuado conforme a las instrucciones de sólo uno de ellos, Víctor, lo cual resultó en perjuicio a los intereses de Jorge. La Comisionada Especial indicó que no procedía sancionar al abogado a base del Criterio General de los Cánones porque había cánones específicos que atendían de forma directa las faltas éticas incurridas. Concluyó, sin embargo, que la conducta del querellado había sido contraria a los Cánones 18 y 35 de Ética Profesional, *supra*.

Asimismo, concluyó que el licenciado Pérez Riveiro también había violado los Cánones 19, 21, 23, 26 y 38, **a pesar de que en la querella no se le imputó que los hubiese infringido**. Sobre este particular señaló que el hecho de que no se hubiesen alegado violaciones a estos Cánones en la querella no significa que no se le pueda sancionar por ellos, pues, a su juicio, dichas infracciones surgían de las propias contestaciones del querellado. Es decir, la Comisionada Especial entendió que la prueba enmendó las alegaciones. Tras su evaluación, la Comisionada Especial recomendó la separación indefinida del licenciado Pérez Riveiro del ejercicio de la profesión.

Sometido el caso y examinado el informe de la Comisionada Especial, estamos en posición de resolver.

II.

Debemos atender dos controversias. En primer lugar, debemos decidir si procede disciplinar al licenciado Pérez Riveiro por violaciones a Cánones de Ética Profesional que no constaron expresamente en la querella elaborada por el Procurador General. En segundo lugar, debemos dirimir si el abogado de epígrafe, según surge de la prueba desfilada, incumplió con los preceptos éticos recogidos en los Cánones que sí figuran en la referida querella.

A.

Los procedimientos disciplinarios son de naturaleza cuasi-penal, pues se sanciona a un abogado por determinada conducta en aras de proteger al público general. In re Ruffalo, 390 U.S. 544 (1968). Según hemos expresado, en dichos procesos está en juego el derecho de un abogado a ganarse el sustento. In re Ríos Ríos, 2008 T.S.P.R. 186, res. el 20 de noviembre de 2008; In re Caratini Alvarado, 153 D.P.R. 575, 584-585 (2001). Por ello, los querellados en estos casos son acreedores de las garantías del debido proceso de ley, el cual incluye el derecho a ser notificado de los cargos en su contra para poder preparar una defensa adecuada. In re Ríos Ríos, supra; In re Ruffalo, supra. En este sentido, el debido proceso de ley se satisface siempre que se le provea al abogado querellado la oportunidad de responder y defenderse de los cargos imputados y notificados, así como de las teorías en las que se basen.

Zauderer v. Office of Disciplinary Counsel, 471 U.S. 626, 654-655 (1985).

El debido proceso de ley, en su vertiente procesal, le impone al Estado la obligación de garantizar que la interferencia con el interés propietario o libertario del individuo se realice mediante un procedimiento justo y equitativo que respete la dignidad de los individuos. Rivera Rodríguez & Co. v. Stowell Taylor, 133 D.P.R. 881, 887-888 (1993). Los abogados tienen un interés propietario en el ejercicio de la profesión legal y, por ello, son acreedores de las garantías de un debido proceso de ley en aquellos procedimientos disciplinarios en que esté en juego su licencia. In re Ríos Ríos, *supra*. Las exigencias mínimas del debido proceso de ley incluyen el **ser notificado adecuadamente de los cargos en su contra**, la oportunidad de ser oído, el derecho a contrainterrogar y a examinar la prueba documental y material presentada por la otra parte. In re Ríos Ríos, *supra*; Salvá Santiago v. Torres Padró, 171 D.P.R. 332, 343 (2007).

En vista de lo anterior, la práctica de enmendar tácitamente la querella, a base de la prueba presentada, para sancionar a un abogado por violaciones al Código de Ética Profesional que no fueron imputadas en la querella es incompatible con la naturaleza de los procedimientos disciplinarios de los abogados y viola el debido proceso de ley. Las enmiendas a las alegaciones mediante la prueba es un concepto propio de los procesos civiles, según la Regla

13.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, que no tiene equivalente en el ámbito penal. Por lo tanto, aceptarlas en los procedimientos disciplinarios equivaldría a equipararlos con los procesos civiles ordinarios.

Por ende, no procede **disciplinar** profesionalmente al licenciado Pérez Riveiro en cuanto a los Cánones 19, 21, 23, 26 y 38, ya que ninguno de ellos figuraba en la querella presentada por el Procurador General sobre estos hechos. Imponer sanciones disciplinarias contra el abogado por alguno de esos Cánones – ausentes en la querella – significaría violarle su debido proceso de ley, negarle la oportunidad que por derecho tiene a preparar una defensa adecuada e impedirle, asimismo, velar por su sustento.

Ahora bien, deberes éticos y deberes disciplinarios no son lo mismo. Véase S. Steidel Figueroa, Ética y Responsabilidad Disciplinaria del Abogado, San Juan, Pubs. JTS, 2010. En múltiples ocasiones hemos establecido que todo asunto relacionado con el comportamiento profesional de un abogado es facultad inherente de este Tribunal. In re Gervitz Carbonell, 162 D.P.R. 665 (2004); In re Peña Peña 153 D.P.R. 642 (2001); In re Freytes Mont, 117 D.P.R. 11 (1986). Por ello, nada impide que este Tribunal, si lo considera apropiado, ordene al Procurador General investigar la nueva información recibida por el Comisionado para determinar si debe presentarse una nueva queja que inicie un proceso disciplinario separado, en el cual el abogado tenga la oportunidad de defenderse y traer

prueba a su favor con relación a la conducta distinta a la considerada originalmente. De procederse así, se salvaguardaría el debido proceso de ley del que goza el abogado, pues se le notificaría con anticipación de los cargos en su contra de modo que pueda preparar su defensa y velar por su interés propietario.

En este caso, sin embargo, no recomendamos dicho curso de acción porque reconocemos que es un pronunciamiento que este Tribunal hace por vez primera y, por ende, lo aplicamos de forma prospectiva.

B.

De otra parte, contra el abogado en este caso sí se imputaron violaciones éticas particulares, específicamente a los Cánones 18 y 35, *supra*. Estas violaciones, por estar consignadas y fundamentadas en la querella del Procurador General -contrario a las anteriormente discutidas- podrían ser objeto de sanciones disciplinarias si la prueba así lo estableciera.

El Canon 18 del Código de Ética Profesional, *supra*, dispone que todo abogado está obligado a defender los intereses del cliente de forma diligente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable. Los deberes éticos de la profesión exigen que todo abogado actúe con el más alto grado de diligencia y competencia posible, In re Vilches López, 170

D.P.R. 793, 797 (2007); In re Ortiz López, 169 D.P.R. 763, 767 (2007).

De igual forma, el Canon 18, *supra*, prohíbe asumir la representación legal de un cliente cuando el abogado entiende que no tiene la capacidad para rendir una labor idónea y competente. Hemos reiterado que el nivel de diligencia profesional es incompatible con la desidia, despreocupación, inacción y displicencia. In re Mulero Fernández, 2008 T.S.P.R. 111; In re Hoffman Mouriño, 170 D.P.R. 968, 981 (2007). Por ello, todo abogado cuyo desempeño profesional no sea adecuado, responsable, capaz y efectivo incurrirá en una violación al Canon 18, In re Collazo I, 159 D.P.R. 141, 146 (2003); In re Román Rodríguez, 152 D.P.R. 520, 526 (2000).

En el presente caso, luego de examinar cuidadosamente la prueba que obra en el expediente, concluimos que el abogado infringió el Canon 18, *supra*, debido a que asumió la representación legal de tres hermanos y aceptó que uno de ellos representara a los demás sin solicitar un documento acreditativo de dicha facultad y sin verificar este asunto con los otros hermanos. Ello ocasionó que el querellado actuara conforme a las instrucciones de sólo uno de sus clientes sin asegurarse que los demás estuviesen de acuerdo, tomando decisiones que afectaban a los tres sin consultarlas con todos ellos. Al así proceder, no se aseguró de proteger los intereses de todos sus clientes y sus actuaciones redundaron en perjuicio de uno de ellos,

quien aún no ha podido obtener su participación en la herencia que fue objeto del litigio. Este proceder violó los preceptos del Canon 18, *supra*, al no actuar competente y diligentemente en defensa de los intereses de su cliente.

La otra violación específica imputada en la querella del Procurador General contra el licenciado Pérez Riveiro es por infracción al Canon 35, *supra*, que exige que la conducta de los miembros de la profesión legal ante los tribunales, para con sus representados y en las relaciones con sus compañeros, sea sincera y honrada.

De igual forma, el Canon 35, *supra*, impone a los abogados unas normas mínimas de conducta para preservar el honor y la dignidad de la profesión. Por ello, dichas normas deben ser observadas por los abogados no sólo en la tramitación de los pleitos sino también en toda faceta en que se desempeñen. In re Martínez, Odell I, 148 D.P.R. 49, 54 (1999).

El criterio a utilizarse por este Tribunal en casos disciplinarios es el de prueba clara, robusta y convincente. In re Mulero Fernández, *supra*; In re Caratini, *supra*. Ello se debe a que los casos disciplinarios contra los miembros de este foro inciden sobre el derecho de los abogados a ganarse su sustento, que es indudablemente un derecho fundamental. In re Ríos Ríos, *supra*.

Con un marco claro de los criterios del Canon 35, *supra*, y del quántum de prueba necesario para probarlo, entendemos que el abogado en este caso no lo infringió. La

violación al Canon 35, *supra*, imputada al licenciado Pérez Riveiro se fundamentaba en que, presuntamente, incurrió en contradicciones en sus comunicaciones al Procurador General en cuanto a dos asuntos: la relación que había entre sus representados y el paradero del cheque en controversia. Somos del criterio que de las comunicaciones del licenciado Pérez Riveiro al Procurador General no se desprende contradicción alguna.

Las tres comunicaciones remitidas por el abogado querellado al Procurador General hacen referencia a diversos tiempos en los que éste tuvo contacto con sus clientes. Por eso, el abogado dice que la situación con sus clientes era de una forma en cierto momento y de otra manera un tiempo después. Por ejemplo, el licenciado Pérez Riveiro sostuvo en una carta al Procurador General que entre sus clientes reinaba la cordialidad y la armonía. Luego, en otra carta al Procurador General, el mismo abogado manifiesta que había desconfianza, comunicación inadecuada y reclamaciones entre sus clientes. De una lectura de las cartas enviadas surge claramente que el abogado se refería a un momento lejano –cuando fue contratado en 1991– al hablar de la cordialidad entre los hermanos, y de un momento cercano –los años 2006 y 2007– cuando se refería al desconcierto entre ellos. No es contradictorio decir que en 1991 la relación era cordial pero tiempo después se tornó difícil. Por ende, estimamos

que el querellado no incurrió en esta contradicción que se le imputa.

La otra contradicción señalada al licenciado Pérez Riveiro está relacionada con el paradero de un cheque emitido para satisfacer las participaciones de la herencia. El Procurador General sostiene que en ocasiones el abogado alegaba tener la posesión del cheque y, otras veces, decía que el cheque estaba bajo el control del Sr. Víctor Ortiz Pagán. En torno a este asunto, el licenciado Pérez Riveiro también se refería a momentos distintos en sus diferentes comunicaciones. De las comunicaciones del abogado surge que, aunque en ciertos momentos tuvo posesión del cheque como parte de los trámites conducentes a endosarlo, **"hoy** el **último** (cheque) **expedido** es custodiado por el co-demandante Víctor Ortiz Pagán…" (Énfasis suplido).

En vista de lo anterior, somos del criterio de que el querellado no incurrió en las alegadas contradicciones que sostienen la violación al Canon 35, *supra*.

### III.

Por todo lo anterior, entendemos que el licenciado Pérez Riveiro no incurrió en violación alguna al Canon 35 de Ética Profesional, *supra*. Tampoco procede imponerle sanciones disciplinarias al licenciado Pérez Riveiro por los Cánones de Ética que no le fueron notificados en la querella presentada en su contra por el Procurador General, ya que hacerlo sería una violación al debido proceso de ley que cobija al abogado.

No obstante, de la prueba desfilada se desprende que el abogado sí violó el Canon 18, *supra*. En vista de la infracción cometida, y tomando en consideración que es su primera falta ética en casi 30 años de práctica, se censura enérgicamente al licenciado Pérez Riveiro y se le apercibe que en el futuro deberá cumplir estrictamente con los Cánones de Ética Profesional.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Francis Pérez Riveiro                    CP-2007-21

SENTENCIA

San Juan, Puerto Rico a 30 de noviembre de 2010.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se censura enérgicamente al licenciado Pérez Riveiro y se le apercibe que en el futuro deberá cumplir estrictamente con los Cánones de Ética Profesional.

Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo, Interina. La Jueza Asociada señora Fiol Matta no intervino.

Larissa Ortiz Modestti
Secretaria del Tribunal Supremo, Interina