per curiam:
En este caso el Procurador General presentó una querella contra el Ledo. Francis Pérez Riveiro, en la cual le imputó violaciones al Canon 18 del Código de Etica Profesional, 4 L.P.R.A. Ap. IX, que exige a los abogados diligencia y competencia en su representación legal, ade-más, al Canon 35 (4 L.P.R.A. Ap. IX), que requiere sinceri-dad y honradez en el trato con los operadores del sistema judicial, y al Criterio General de los Cánones, que regula los deberes de los abogados hacia sus clientes. Las faltas éticas impugnadas surgieron porque el licenciado Pérez Ri-veiro asumió la representación legal simultánea de tres hermanos sin defender adecuadamente los intereses de cada uno de ellos.
Luego de examinar el informe de la Comisionada Especial nombrada por el Tribunal para dilucidar la querella presentada contra el licenciado Pérez Riveiro, concluimos que éste infringió las disposiciones del Canon 18 del Có-digo de Etica Profesional, supra, al no mantener informado adecuadamente a uno de sus clientes.
i — I
Los hechos que originaron esta queja se remontan a 1991, cuando el licenciado Pérez Riveiro asumió la repre-sentación legal de los hermanos Jorge, Víctor y Miriam *196 —todos de apellido Ortiz Pagán— en un pleito de partición de herencia contra otro hermano de doble vínculo, Luis Ortiz Pagán. Durante el transcurso del pleito, el hermano demandado falleció. Sin embargo, previo al deceso, las par-tes convinieron un acuerdo de partición de la herencia y el cuaderno particional que recogía ese acuerdo fue aprobado en 1999 por el Tribunal de Primera Instancia, Sala de Mayagüez. Como parte del acuerdo, el hermano deman-dado emitió un cheque por $16,057.78 a favor de sus her-manos demandantes y del licenciado Pérez Riveiro. Según el cuaderno particional, al codemandante, Sr. Jorge Ortiz Pagán, le correspondían $15,708.52 de la suma total.
Esta cantidad, sin embargo, nunca le fue entregada al Sr. Jorge Ortiz Pagán, quien reclamó que como el licen-ciado Pérez Riveiro recibió el cheque y aparecía nombrado en él, éste debía consignarlo en el tribunal o pagarle la porción que le correspondía. Al no hacerlo, el licenciado Pérez Riveiro incurrió en una representación legal inade-cuada, según la queja que presentó el Sr. Jorge Ortiz Pa-gán y que posteriormente sirvió de base para la querella presentada por el Procurador General.
El licenciado Pérez Riveiro, por su parte, expuso al Pro-curador General que los hermanos a quienes representaba se encontraban enfrascados en una disputa por la herencia y que existía entre éstos desconfianza y falta de comunicación. También aseguró que desconocía la razón por la cual el hermano demandado en el pleito original de herencia le envió el cheque a él y no a sus clientes directamente. Asimismo, el abogado de epígrafe explicó que les resaltó a los hermanos la conveniencia para todos de endosar el cheque para consignarlo en el Tribunal de Primera Instancia mientras se dirimía la controversia, pero que el quejoso rechazó de plano esta sugerencia y no asistió a una reunión convocada para discutir el asunto.
Por otra parte, el licenciado Pérez Riveiro reconoció que recibía y acataba instrucciones del Sr. Víctor Ortiz Pagán *197 para los trámites del caso, incluyendo lo relacionado con el cheque en controversia. Respecto a las instrucciones que recibió del Sr. Víctor Ortiz Pagán, el querellado expresó lo siguiente: "la casi totalidad de mi contacto con la parte que representamos se dio a través de don Víctor, a quien siem-pre consideré como la persona con autoridad que represen-taba sus intereses personales y los de sus hermanos por igual.”
El licenciado Pérez Riveiro expuso que le explicó al Sr. Víctor Ortiz Pagán que era necesario acumular a sus her-manos Jorge y Miriam como partes indispensables, y que como respuesta el Sr. Víctor Ortiz Pagán le indicó que éstos habían delegado su autoridad en él para actuar, así como para administrar y conservar los bienes del caudal. El li-cenciado Pérez Riveiro señaló que para el momento de su contratación percibía entre los hermanos un ambiente de aparente cordialidad y buenas relaciones y que por eso nunca vaciló en tomar por buenas las directrices del Sr. Víctor Ortiz Pagán como representativas del sentir de los otros hermanos. Sin embargo, el Sr. Víctor Ortiz Pagán nunca presentó —ni el abogado requirió— documento al-guno que le acreditara como representante de los intereses de sus dos hermanos codemandantes.
Por instrucciones del Sr. Víctor Ortiz Pagán, el licen-ciado Pérez Riveiro personalmente endosó y depositó el cheque obtenido, producto del acuerdo entre sus clientes y el hermano originalmente demandado. El cheque fue depo-sitado en una cuenta corporativa propiedad de Conuco Corporation, uno de cuyos incorporadores era el licenciado Pé-rez Riveiro. El licenciado Pérez Riveiro justificó la transacción bancaria al señalar que la hizo por instruccio-nes del Sr. Víctor Ortiz Pagán y que, en cualquier caso, depositó el cheque, extrajo el dinero y lo entregó al Sr. Víctor Ortiz Pagán de forma simultánea, sin obtener beneficio económico alguno.
*198 Luego de los trámites correspondientes, el Procurador General presentó una querella en la que le imputó al licen-ciado Pérez Riveiro haber violado el Criterio General de los Cánones de Ética Profesional que regula los deberes de los abogados hacia sus clientes, los Cánones 18 y 35, supra. Las violaciones éticas imputadas se sustentaron en que presuntamente el licenciado Pérez Riveiro incurrió en con-tradicciones en las tres cartas que envió al Procurador General como parte de su réplica a la queja presentada. Las alegaciones se sustentaban, además, en que el abogado querellado había seguido las instrucciones de uno de sus clientes para depositar un cheque sin la anuencia de sus otros clientes, lo que ocasionó que uno de ellos —el quejo-so— resultara peijudicado al no poder recibir una cantidad correspondiente a su participación en la herencia.
El licenciado Pérez Riveiro contestó la querella por me-dio de su representación legal y pidió que se realizara una vista evidenciaría. En atención a ello, nombramos a la Hon. Eliadís Orsini Zayas como Comisionada Especial para que celebrara las vistas correspondientes y nos rin-diera un informe.
Luego de los procesos de rigor, el caso se estipuló por la prueba documental y la Comisionada Especial rindió su informe. En éste, expresó que el licenciado Pérez Riveiro había incurrido en contradicciones en sus comunicaciones al Procurador General en cuanto al cheque y en cuanto a las relaciones entre sus clientes, los hermanos Víctor, Jorge y Miriam Ortiz Pagán. Del mismo modo, determinó que el abogado había aceptado la representación legal de tres hermanos, pero había actuado conforme a las instruc-ciones de sólo uno de ellos, Víctor, lo cual resultó en perjui-cio a los intereses de Jorge. La Comisionada Especial in-dicó que no procedía sancionar al abogado a base del Criterio General de los cánones, porque había cánones es-pecíficos que atendían de forma directa las faltas éticas incurridas. Concluyó, sin embargo, que la conducta del *199 querellado había sido contraria a los Cánones 18 y 35 de Etica Profesional, supra.
Asimismo, concluyó que el licenciado Pérez Riveiro tam-bién había violado los Cánones 19, 21, 23, 26 y 38 del Có-digo de Etica Profesional, 4 L.P.R.A. Ap. IX, a pesar de que en la querella no se le imputó que los hubiese infringido. Sobre este particular señaló que el hecho de que no se hu-biesen alegado violaciones a estos cánones en la querella no significa que no se le pueda sancionar por ellos, pues, a su juicio, esas infracciones surgían de las propias contesta-ciones del querellado. Es decir, la Comisionada Especial entendió que la prueba enmendó las alegaciones. Tras su evaluación, la Comisionada Especial recomendó la separa-ción indefinida del licenciado Pérez Riveiro del ejercicio de la profesión.
Sometido el caso y examinado el informe de la Comisio-nada Especial, estamos en posición de resolver.
II
Debemos atender dos controversias. En primer lugar, debemos decidir si procede disciplinar al licenciado Pérez Riveiro por violaciones a cánones del Código de Ética Pro-fesional que no constaron expresamente en la querella ela-borada por el Procurador General. En segundo lugar, debe-mos dirimir si el abogado de epígrafe, según surge de la prueba desfilada, incumplió con los preceptos éticos recogi-dos en los cánones que sí figuran en la querella.
A. Los procedimientos disciplinarios son de naturaleza cuasi penal, pues se sanciona a un abogado por determinada conducta en aras de proteger al público general. In re Ruffalo, 390 U.S. 544 (1968). Según hemos expresado, en esos procesos está en juego el derecho de un abogado a ganarse el sustento. In re Ríos Ríos, 175 D.P.R. *200 57 (2008); In re Caratini Alvarado, 153 D.P.R. 575, 584-585 (2001). Por ello, los querellados en estos casos son acreedores de las garantías del debido proceso de ley, el cual incluye el derecho a ser notificado de los cargos en su contra para poder preparar una defensa adecuada. In re Ríos Ríos, supra; In re Ruffalo, supra. En este sentido, el debido proceso de ley se satisface siempre que se le provea al abogado querellado la oportunidad de responder y defen-derse de los cargos imputados y notificados, así como de las teorías en las que se fundamenten. Zauderer v. Office of Disc. Counsel, 471 U.S. 626, 654-655 (1985).
El debido proceso de ley, en su vertiente procesal, le im-pone al Estado la obligación de garantizar que la interfe-rencia con el interés propietario o libertario del individuo se realice mediante un procedimiento justo y equitativo que respete la dignidad de los individuos. Rivera Rodríguez & Co. v. Lee Stowell, etc., 133 D.P.R. 881, 887-888 (1993). Los abogados tienen un interés propietario en el ejercicio de la profesión legal y, por ello, son acreedores de las garantías de un debido proceso de ley en aquellos pro-cedimientos disciplinarios en que esté en juego su licencia. In re Ríos Ríos, supra. Las exigencias mínimas del debido proceso de ley incluyen la notificación adecuada de los car-gos en su contra, la oportunidad de ser oído, el derecho a contrainterrogar y a examinar la prueba documental y material presentada por la otra parte. In re Ríos Ríos, supra; Salvá Santiago v. Torres Padró, 171 D.P.R. 332, 343 (2007).
En vista de lo anterior, la práctica de enmendar tácitamente la querella, a base de la prueba presentada, para sancionar a un abogado por violaciones al Código de Etica Profesional que no fueron imputadas en la querella es incompatible con la naturaleza de los procedimientos disciplinarios de los abogados y viola el debido proceso de ley. Las enmiendas a las alegaciones mediante la prueba es un concepto propio de los procesos civiles, según la Regla 13.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, que no *201 tiene equivalente en el ámbito penal. Por lo tanto, aceptar-las en los procedimientos disciplinarios equivaldría a equi-pararlos con los procesos civiles ordinarios.
Por ende, no procede disciplinar profesionalmente al li-cenciado Pérez Riveiro en cuanto a los Cánones 19, 21, 23, 26 y 38, supra, ya que ninguno de ellos figuraba en la que-rella presentada por el Procurador General sobre estos hechos. Imponer sanciones disciplinarias contra el abogado por alguno de esos cánones —ausentes en la querella— significaría violarle su debido proceso de ley, negarle la oportunidad que por derecho tiene a preparar una defensa adecuada e impedirle, asimismo, velar por su sustento.
Ahora bien, deberes éticos y deberes disciplinarios no son lo mismo. Véase S. Steidel Figueroa, Ética y Responsabilidad Disciplinaria del Abogado, San Juan, Pubs. J.T.S., 2010. En múltiples ocasiones hemos establecido que todo asunto relacionado con el comportamiento profesional de un abogado es facultad inherente de este Tribunal. In re Gervitz Carbonell, 162 D.P.R. 665 (2004); In re Peña Peña, 153 D.P.R. 642 (2001); In re Freytes Mont, 117 D.P.R. 11 (1986). Por ello, nada impide que este Tribunal, si lo considera apropiado, ordene al Procurador General investigar la nueva información recibida por el Comisionado para determinar si debe presentarse una nueva queja que inicie un proceso disciplinario separado, en el cual el abogado tenga la oportunidad de defenderse y traer prueba a su favor con relación a la conducta distinta a la considerada originalmente. De procederse así, se salvaguardaría el debido proceso de ley del que goza el abogado, pues se le notificaría con anticipación de los cargos en su contra, de modo que pueda preparar su defensa y velar por su interés propietario.
En este caso, sin embargo, no recomendamos ese curso de acción porque reconocemos que es un pronunciamiento que este Tribunal hace por vez primera y, por ende, lo apli-camos de forma prospectiva.
*202 B. De otra parte, contra el abogado en este caso sí se imputaron violaciones éticas particulares, específicamente a los Cánones 18 y 35, supra. Estas violaciones, por estar consignadas y fundamentadas en la querella del Procura-dor General —contrario a las discutidas— podrían ser ob-jeto de sanciones disciplinarias si la prueba así lo estableciera.
El Canon 18 del Código de Ética Profesional, supra, dispone que todo abogado está obligado a defender los intereses del cliente de forma diligente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable. Los deberes éticos de la profesión exigen que todo abogado actúe con el más alto grado de diligencia y competencia posible. In re Vilches López, 170 D.P.R. 793, 797 (2007); In re Ortiz López, 169 D.P.R. 763, 767 (2007).
De igual forma, el Canon 18, supra, prohíbe asumir la representación legal de un cliente cuando el abogado entiende que no tiene la capacidad para rendir una labor idónea y competente. Hemos reiterado que el nivel de diligencia profesional es incompatible con la desidia, despreocupación, inacción y displicencia. In re Mulero Fernández, 174 D.P.R. 18 (2008); In re Hoffman Mouriño, 170 D.P.R. 968, 981 (2007). Por ello, todo abogado cuyo desempeño profesional no sea adecuado, responsable, capaz y efectivo incurrirá en una violación al Canon 18, supra. In re Collazo I, 159 D.P.R. 141, 146 (2003); In re Román Rodríguez, 152 D.P.R. 520, 526 (2000).
En este caso, luego de examinar cuidadosamente la prueba que obra en el expediente, concluimos que el abogado infringió el Canon 18, supra, debido a que asumió la representación legal de tres hermanos y aceptó que uno de ellos representara a los demás sin solicitar un documento *203 acreditativo de esa facultad y sin verificar este asunto con los otros hermanos. Ello ocasionó que el querellado actuara conforme a las instrucciones de sólo uno de sus clientes sin asegurarse que los demás estuviesen de acuerdo, tomando decisiones que afectaban a los tres sin consultarlas con to-dos ellos. Al así proceder, no se aseguró de proteger los intereses de todos sus clientes y sus actuaciones redunda-ron en perjuicio de orno de ellos, quien aún no ha podido obtener su participación en la herencia que fue objeto del litigio. Este proceder violó los preceptos del Canon 18, supra, al no actuar competente y diligentemente en defensa de los intereses de su cliente.
La otra violación específica imputada en la querella del Procurador General contra el licenciado Pérez Riveiro es por infracción al Canon 35, supra, que exige que la con-ducta de los miembros de la profesión legal ante los tribu-nales, para con sus representados y en las relaciones con sus compañeros, sea sincera y honrada.
De igual forma, el Canon 35, supra, impone a los abogados unas normas mínimas de conducta para preservar el honor y la dignidad de la profesión. Por ello, esas normas deben ser observadas por los abogados no sólo en la tramitación de los pleitos, sino también en toda faceta en que se desempeñen. In re Martínez, Odell I, 148 D.P.R. 49, 54 (1999).
El criterio que ha de utilizarse por este Tribunal en casos disciplinarios es el de la prueba clara, robusta y convincente. In re Mulero Fernández, supra; In re Caratini Alvarado, supra. Ello se debe a que los casos disciplinarios contra los miembros de este foro inciden sobre el derecho de los abogados a ganarse su sustento, que es indudablemente un derecho fundamental. In re Ríos Ríos, supra.
Con un marco claro de los criterios del Canon 35, supra, y del quantum de prueba necesario para probarlo, enten- *204 demos que el abogado en este caso no lo infringió. La vio-lación al Canon 35, supra, imputada al licenciado Pérez Riveiro se fundamentaba en que, presuntamente, incurrió en contradicciones en sus comunicaciones al Procurador General en cuanto a dos asuntos: la relación que había entre sus representados y el paradero del cheque en controversia. Entendemos que de las comunicaciones del licenciado Pérez Riveiro al Procurador General no se des-prende contradicción alguna.
Las tres comunicaciones remitidas por el abogado que-rellado al Procurador General hacen referencia a diversos tiempos en los que éste tuvo contacto con sus clientes. Por eso, el abogado dice que la situación con sus clientes era de una forma en cierto momento y de otra manera un tiempo después. Por ejemplo, el licenciado Pérez Riveiro sostuvo en una carta al Procurador General que entre sus clientes reinaba la cordialidad y la armonía. Luego, en otra carta al Procurador General, el mismo abogado manifiesta que ha-bía desconfianza, comunicación inadecuada y reclamacio-nes entre sus clientes. De una lectura de las cartas envia-das surge claramente que el abogado se refería a un momento lejano —cuando fue contratado en 1991— al ha-blar de la cordialidad entre los hermanos y de un momento cercano —2006 y 2007— cuando se refería al desconcierto entre ellos. No es contradictorio decir que en 1991 la rela-ción era cordial, pero tiempo después se tornó difícil. Por ende, estimamos que el querellado no incurrió en esta con-tradicción que se le imputa.
La otra contradicción señalada al licenciado Pérez Ri-veiro está relacionada con el paradero de un cheque emi-tido para satisfacer las participaciones de la herencia. El Procurador General sostiene que, en ocasiones, el abogado alegaba tener la posesión del cheque y, otras veces, decía que el cheque estaba bajo el control del Sr. Víctor Ortiz Pagán. En torno a este asunto, el licenciado Pérez Riveiro también se refería a momentos distintos en sus diferentes *205 comunicaciones. De las comunicaciones del abogado surge que, aunque en ciertos momentos tuvo posesión del cheque como parte de los trámites conducentes a endosarlo, “hoy el último (cheque) expedido es custodiado por el co-deman-dante Víctor Ortiz Pagán”. (Énfasis suplido.)
En vista de lo anterior, creemos que el querellado no incurrió en las contradicciones alegadas que sostienen la violación al Canon 35, supra.

Ill

Por todo lo anterior, entendemos que el licenciado Pérez Riveiro no incurrió en violación alguna al Canon 35 de Ética Profesional, supra. Tampoco procede imponerle san-ciones disciplinarias al licenciado Pérez Riveiro por los cá-nones del Código de Ética Profesional que no le fueron no-tificados en la querella presentada en su contra por el Procurador General, ya que hacerlo sería una violación al debido proceso de ley que cobija al abogado.
No obstante, de la prueba desfilada se desprende que el abogado sí violó el Canon 18, supra. En vista de la infrac-ción cometida, y tomando en consideración que es su pri-mera falta ética en casi treinta años de práctica, se censura enérgicamente al licenciado Pérez Riveiro y se le apercibe de que en el futuro deberá cumplir estrictamente con los cánones del Código de Ética Profesional.

Se dictará sentencia de conformidad.

La Jueza Asociada Señora Fiol Matta no intervino.